IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BALBOA THREADWORKS, INC., KEITH W. CAROSELLI, an Individual, and LEE R. CAROSELLI, an Individual,<br><br>    Plaintiffs,<br><br>    vs.<br><br>RONALD A. STUCKY, an Individual, SHERRY J. STUCKY, an Individual, STUCKY FARMS, and DESIGNS BY SHER,<br><br>    Defendants/<br>    Third-Party Plaintiffs.<br><br>    vs.<br><br>DARLENE DANDO,<br><br>    Third-Party Defendant | Case No. 05-1157-JTM |

**MEMORANDUM AND ORDER**

   This matter comes before the court on the plaintiffs' Motion to Dismiss Counterclaims and Third-Party Complaint (Dkt. No. 19). Pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs seek the dismissal of defendants' Third-Party Complaint, which alleges fraud, civil conspiracy and defamation. Defendants argue that they have pled sufficient facts to withstand dismissal. In the alternative, defendants ask that they be allowed to amend their complaint. For the reasons set forth herein, the court denies plaintiffs' motion.

## I. BACKGROUND

On May 26, 2005, plaintiffs, Balboa Threadworks, Keith Caroselli and Lee Caroselli, brought suit in federal court against defendants, Ronald Stucky, Sherry Stucky, Stucky Farms, and Designs by Sher, for alleged violations of federal copyright law, common law unfair competition, and common law infringement. On September 2, 2005, defendants brought a Third-Party Complaint against Darlene Dando, alleging civil conspiracy and fraud. In an Amended Counterclaim filed on November 22, 2005, defendants alleged civil conspiracy and fraud against plaintiff and also added a claim of defamation.

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and must view them in the light most favorable to the non-moving party. Sutton v. Utah State Sch. for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. Ordinance 59 Ass'n v. United States Dep't of Interior Secretary, 163 F.3d 1150, 1152 (10th Cir. 1998). "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## III. ANALYSIS

### A. Fraud

Plaintiffs allege that defendants failed to properly plead a claim of fraud in their Amended

2

Counterclaim and Third-Party Complaint.  Specifically, plaintiffs argue that the Stuckys have not pled actual reliance on the alleged fraudulent representation and that the alleged general reliance cannot be viewed as reasonable as a matter of law.  Additionally, plaintiffs allege that the Stuckys failed to allege recoverable damages to state a claim for fraud.

To state a claim for fraud, defendants must allege:  1) false or untrue representations were made as a statement of material fact; 2) the representations were known to be false or untrue by the party making them, or were recklessly made without knowledge concerning them; 3) the representations were intentionally made for the purpose of inducing another party to act upon them; 4) the other party reasonably relied and acted upon the representations made; and 5) the other party sustained damage by relying upon the representations. Slaymaker v. Westgate State Bank, 241 Kan. 525, 531, 739 P.2d 444 (1987); Nordstrom v. Miller, 227 Kan. 59, 605 P.2d 545 (1980).

"Actionable fraud includes an untrue statement of fact, known to be untrue by the party making it, which is made with the intent to deceive or recklessly made with disregard for the truth, where another party justifiably relies on the statement and acts to his or her injury and damage." Albers v. Nelson, 248 Kan. 575, 579, 809 P.2d 1194, 1198 (1991) citing Nordstrom v. Miller, 227 Kan. 59, 65, 605 P.2d 545 (1980).  "The reliance element has both an objective and subjective prong:  1) the plaintiff must actually rely on the misrepresentations and thereby incur damages; and  2) plaintiff's reliance must be reasonable and justifiable." Kelley Metal Trading Co. v. Al-Jon/United, Inc., 835 F. Supp. 1339, 1341 (D. Kan. 1993) citing Smith v. MCI Telecomm. Corp., 124 F.R.D. 665, 677 (D. Kan. 1989).

Defendants allege that Ms. Dando arranged with plaintiffs to induce Ms. Stucky to send

3

her various Balboa designs.  Ms. Dando allegedly asked Ms. Stucky to send her copies of files from a crafts industry newsgroup on a CD in exchange for a payment of $1,000. Defendants allege that Ms. Dando requested the files for her business but that she never made payment and the sole purpose of her contact was to entrap Ms. Stucky.  Based on these facts, plaintiffs have alleged that Ms. Dando made a false or untrue representation of material fact in representing that she needed the embroidery designs for her business, that Ms. Dando knew that it was untrue and made the statements to induce plaintiff to send the CD, and that plaintiff reasonably relied on the representation of the alleged use of the CD and the payment to be sent.  As for damages, plaintiffs assert that they will incur fees and expenses associated with defending this action and have undergone substantial loss of time, business disruption, mental anguish and worry.

Plaintiffs cite Kelley for the proposition that the Stuckys must demonstrate either actual reliance or they must come forward with facts stating that absent the misrepresentation, they would not have acted to their disadvantage.  This, however is not the correct standard in a motion to dismiss. Kelley, 835 F. Supp. at 1334.  In fact, in a prior motion to dismiss in Kelley, the court declined to dismiss the action noting that failure to demonstrate reasonable reliance was better made in a motion for summary judgment. Kelley Metal Trading Co. v. Al-Jon/United, Inc., 812 F. Supp. 185, 188 (D. Kan. 1993).  Here, the Stuckys alleged facts showing reasonable reliance on Ms. Dando's statements that she needed the files for her business and was willing to pay for the service Ms. Stucky was providing.  Although plaintiffs argue that Ms. Stucky was engaging in an illegal act and therefore she cannot justify her reliance, there is still a question of fact as to whether Ms. Stucky reasonably believed that the files were not copyright protected.  With this issue open, the court is reluctant to dismiss the claim of fraud.

As for the issue of recoverable damages, plaintiffs argue that the "mere proof of the making of a false statement and reliance thereon does not establish [a]ctionable fraud" and the one who makes a claim of fraud must "prove that the fraud caused injury or loss." Canterbury Court, Inc. v. Rosenberg, 224 Kan. 493, 502, 582 P.2d 261, 269 (Kan. 1978). In their response, the Stuckys state that they relied on Ms. Dando's representations that she wanted the CD for her business and she planned to pay Ms. Stucky. Obviously, Ms. Dando did not reveal her alleged interaction with plaintiffs or alleged motive for inducing Ms. Stucky to send the CD. By way of the Answer, Ms. Stucky stated that she did not know that the newsgroup she accessed contained copyrighted work. Since she was allegedly induced into transmitting the CD, Ms. Stucky could claim damages related to that transmission, which constituted copyright infringement. Under these circumstances, the Stuckys have pled sufficient facts to connect the misrepresentation with the damages. Plaintiffs' arguments are better raised in a motion for summary judgment when the parties will have a chance to fully develop the record.

**B. Civil Conspiracy**

Plaintiffs allege that defendants do not properly state a claim of civil conspiracy because there is no underlying illegal act. Defendants respond that their claim for fraud provides the underlying claim to sustain a claim of civil conspiracy.

To state a claim for civil conspiracy, the Stuckys must allege: 1) two or more persons; 2) an object to be accomplished; 3) a meeting of the minds in the object or course of action; 4) one or more unlawful acts; and 5) damages as the proximate result thereof. Carson v. Lynch Multimedia Corp., 123 F. Supp.2d 1254, 1261 (D. Kan. 2000). In addition, under Kansas law,

civil conspiracy is not actionable without the commission of a wrong giving rise to a cause of action independent of the conspiracy claim. Id. at 1262.

In this case, there were two or more persons, Ms. Dando and plaintiffs, who allegedly conspired to induce Ms. Stucky to copy certain files. There was allegedly a meeting of the minds between the conspirators to carry out this plan. The only issue is whether there was one or more unlawful act. Since the court found that the fraud was sufficiently pled, the court will permit the Stuckys to proceed with this claim. The pleadings set forth that the damages are the proximate cause of fraud and civil conspiracy.

**C. Defamation**

To state a claim for defamation, the Stuckys must allege: 1) false and defamatory words; 2) communicated to a third person; and 3) resulting harm to the reputation of the person defamed. McCauley v. Raytheon Travel Air Co., 152 F. Supp. 2d 1267 (D. Kan. 2001). Kansas law requires that a claimant allege damages to reputation as a result of the defamatory statement. Gobin v.Globe Publ. Co., 232 Kan. 1, 6, 649 P.2d 1239 (1982).

Initially, defendants did not state a claim of damage to reputation as part of their defamation claim. However, in their response, plaintiffs filed an Amended Counterclaim without leave of the court. In the interest of judicial economy, plaintiffs did not oppose the requested amendment. As a result, defendants now state a claim for defamation.

6

IT IS ACCORDINGLY ORDERED this 26th day of April 2006, that the court denies plaintiffs' Motion to Dismiss (Dkt. No. 19).

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE